**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| IN RE SCHNUCK MARKETS, INC. | ) | |
| CONSUMER DATA SECURITY BREACH | ) | MDL DOCKET 2470 |
| LITIGATION | ) | ALL CASES |
|  | ) | |

**ORDER**

The Judicial Panel on Multidistrict Litigation has ordered that several cases from other districts be transferred here for coordinated pretrial proceedings.  One case, Robert Domiano, et al. v. Schnucks Markets, Inc., C.A. No. 4:13-00683, is already pending here, and three other cases have been transferred to this Court: Cassandra Atteberry v. Schnuck Markets, Inc., C.A. No. 2:13-02112, Mary Akelaitis v. Schnuck Markets, Inc., C.A. No. 3:13-50142, Laverne Rippy v. Schnuck Markets, Inc., C.A. No. 3:13-00471.  All filing shall be in St. Louis, and the CM/ECF docket number is 4:13MD2470.

Any counsel representing any party in these cases must have a CM/ECF registration with the Eastern District of Missouri.  Counsel must use their own CM/ECF registrations to file matters; in other words, no counsel should "borrow" another's registration, even within the same firm.  The lawyer whose name appears on the signature line must be the filing lawyer.  So long as counsel are members in good standing of any United States District Court, neither association of local counsel nor *pro hac vice* admissions are required.

Accordingly,

**IT IS HEREBY ORDERED** that this case is set for a scheduling conference on **Friday, December 6, 2013 at 10:00 a.m.** in Courtroom 12 North.

In advance of this conference, plaintiffs' counsel shall meet and confer in an attempt to reach agreement on which lawyers should be appointed as plaintiffs' lead counsel.  In absence of agreement, counsel should attempt to agree on a method for resolving any disputes, including a proposal for motions and briefs, and should be prepared to present that to the Court at the conference.   At their meeting, plaintiffs' counsel should attempt to reach agreement on a proposed schedule for conducting discovery, class certification proceedings, and motion practice. Plaintiffs' counsel are specifically asked to discuss among themselves whether a consolidated class action complaint should be filed that would include the claims of all plaintiffs in one pleading.

Not later than **Monday, November 25, 2013**, plaintiffs' and defendant's counsel shall file a joint proposed schedule for conducting discovery, class certification proceedings, motion practice, and any other necessary deadlines, to the extent that they are able to agree.  If they cannot agree, they should explain their differences in the joint proposal.

Not later than **Monday, November 25, 2013** plaintiffs' and defendant's counsel shall separately submit to the Court brief written statements indicating their preliminary understanding of the facts involved in the litigation and critical factual and legal issues.   These statements should address, among other things, the various class definitions that have been proposed, what class certification discovery is expected to be necessary, the types of expert testimony that are likely, and the ranges of damages that are likely to be claimed.  These statements are simply for information: they will not be binding, they will not waive claims or defenses, and they may not be offered in evidence against any party in later proceedings.

In preparing the joint proposal, counsel are expected to confer on all matters set out in Rules 16 and 26, Fed.R.Civ.P., and are especially reminded of their obligations to confer regarding preservation of evidence and discovery of electronically stored information.

Dated this 8th day of November, 2013.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**