IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE SCHNUCK MARKETS INC. ) | |
| CONSUMER DATA SECURITY BREACH ) | No. 4:13MD2470 |
| LITIGATION ) | |
| ) | Judge John A. Ross |

PROPOSED SCHEDULING PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's November 8, 2013 Order (Doc. #3), parties submit the following proposed scheduling plan. The Judicial Panel on Multidistrict Litigation ordered that three cases from other districts be transferred here for coordinated pretrial proceedings along with one case that was already pending here. *Domiano v. Schnuck Markets, Inc.*, C.A. No. 4:13-00683 was pending here. *Atteberry v. Schnuck Markets, Inc.*, C.A. No. 2:13-02112, *Akelaitis v. Schnuck Markets, Inc.*, C.A. No. 3:13-50142, and *Rippy v. Schnuck Markets, Inc.*, C.A. No. 3:13-00471 were pending in various Illinois district courts.

The parties have not been able to agree to a scheduling plan as there is a threshold dispute as to how this case should proceed. As explained in more detail below and through the parties' separate submissions as requested by the Court, Defendant believes this case should be stayed pending settlement of related action in Circuit Court for the City of St. Louis, *McGann, et al. v. Schnuck Markets, Inc.*, Cause No. 1322-CC00800 ("McGann settlement"). Counsel for *Domiano* and *Rippy*, however, will object to any request to a stay and believe this case should proceed without delay. *Akelaitis and Atteberry* support a stay.

I. **Conference amongst Plaintiffs' counsel.**

On Nov. 19, 2013, at the request of *Domiano* counsel, the various Plaintiffs' counsel for all four actions met and conferred via telephone. Very little substance was accomplished due to a proposed class-wide settlement that was noticed up for preliminary approval in the *McGann* settlement. Exhibit A, copy of *McGann* settlement. As a result of the *McGann* settlement, threshold issues developed regarding which Plaintiffs' counsel support the *McGann* settlement. Presumably those, if any, support the *McGann* settlement will support a stay of this litigation pending the outcome of the *McGann* settlement. Those who do not support the *McGann* settlement will oppose any potential request to stay this litigation.

Counsel for *Domiano* and *Rippy* do not support the *McGann* settlement and fully intend to move forward in this litigation and oppose any request to stay this litigation. Counsel for *Akelaitis and Atteberry* made it clear that they support the *McGann* settlement. Counsel for *Atteberry* did indicate that they might want to be lead counsel, and advocate that the Federal case be stayed and have no objection to a consolidated complaint being drafted. Counsel for *Atteberry* takes no position with respect to the proposed scheduling order.

II. **Lead Counsel for Plaintiffs.**

On May 22, 2013, the *Domiano* Plaintiffs filed a motion to appoint their counsel as interim lead counsel. (Doc. # 11). For the same reasons, the *Domiano* Plaintiffs contend that their counsel should be appointed as lead counsel and intend upon filing a motion on this issue as soon as the Court permits. On the Nov. 19

telephone conference amongst Plaintiffs' counsel there were no objections to nominating the *Domiano* counsel as lead (or co-lead) counsel. It is unclear whether any of the other Plaintiffs' counsel will submit a request for lead counsel. However, as stated above, Counsel for *Atteberry* did state that they may file for a lead counsel position.

### III.  Meet and confer with defense counsel.

<u>Plaintiffs' Position</u>.  As early as Nov. 8, Plaintiffs' counsel made attempts to schedule a good faith meet and confer with defense counsel. However, the parties did not actually participate in a meet and confer with defense counsel until Nov. 22. At that time, very little was accomplished. Although Plaintiffs' counsel was prepared to discuss in detail a scheduling order going forward, counsel for Defendant indicated that Defendant plans to file a motion to stay this litigation until June 2014 in light of the *McGann* settlement[1]. Counsel for *Domiano* and *Rippy*, who were the only Plaintiffs' counsel on the conference call for Plaintiffs, both indicated that this case should not be stayed and that they would oppose any request to stay filed by Defendant. In light of this threshold issue, the parties did not discuss any future scheduling dates.

<u>Defendant's Position</u>.  In light of the Court's November 8, 2013 Order ordering a meet and confer amongst Plaintiffs' counsel and the appointment of lead counsel for Plaintiffs, Defendant requested that Plaintiff's counsel meet and confer to resolve disputes between them prior to a meet and confer between Plaintiffs'

---

[1] The motion for preliminary approval of the proposed *McGann* settlement was filed on October 1, 2013 but has not been approved.

3

counsel and Defendant's counsel.  On November 18, 2013, Plaintiffs' counsel indicated that they had conducted their internal meet and confer.   The parties then scheduled the meet and confer between Plaintiffs' counsel and Defendant's counsel, which took place on November 22, 2013.

### IV. Discovery.

The parties could not reach agreement as to a discovery plan.

Plaintiffs' Position.  The *Domiano* Plaintiffs make the following recommendations based upon the assumption that this Court does not stay this litigation pending the outcome of the *McGann* settlement. None of the other Plaintiffs' counsel weighed in on whether they agree with the below dates.

    A.    Rule 26(a) disclosures: Disclosure deadline of December 23, 2013.

    B.    Proposed discovery plan: Deadline to complete all discovery (includes expert and Rule 23 class certification) by December 19, 2014.

    C.    Any issues about preserving discoverable information: Plaintiffs do not anticipate any issues preserving any discoverable information on their end. Plaintiffs are unaware of Defendant's position.

    D.    Subjects on which discovery may be needed: Discovery concerning Federal Rule 23 class certification elements. Discovery, including third party discovery, concerning the circumstances surrounding Schnucks failure to secure and safeguard customers' private financial information and for failing to provide clear, conspicuous, and  timely notice to Plaintiffs and other members of the putative Class. Discovery concerning the circumstances surrounding Schnucks' payment

card industry compliance and audits regarding same as well as any of Schnucks' other security protocols. Discovery concerning the circumstances surrounding Schnucks' response to the breach of its customers' private financial information. Discovery concerning the circumstances surrounding Schnucks' notice to its customers regarding the breach of its customers' private financial information.

  E. Electronically stored information. Plaintiffs expect a tremendous amount of discovery to be ESI. Plaintiffs are unaware of any potential issues in preserving or producing ESI. Plaintiffs are unaware of Defendant's position.

  F. Privilege issues. Due to the circumstances surrounding the nature of this case there certainly are confidentiality concerns as to the putative class members and likely to Defendant. Plaintiffs anticipate that any privilege issues can be addressed through a protective agreement, or order. Plaintiffs are unaware of Defendant's position.

  G. Changes to limitations on discovery. Plaintiffs contend that there is no need to further limit or expand the limitations on discovery beyond what the Federal Rules of Civil Procedure and the local rules require.

  H. Expert discovery. Plaintiffs anticipate the disclosure of experts. Deadline for Plaintiffs to disclose their expert(s) is September 5, 2014. Deadline for Defendant to disclose its expert(s) is October 10, 2014. Deadline for Plaintiffs to disclose rebuttal expert(s) is November 7, 2014.

  <u>Defendant's Position</u>. Because this action consists of putative class actions arising out of the same incident as the *McGann* settlement, which is awaiting

5

preliminary approval by the *McGann* Court, it is Defendant's position that this case should be stayed pending final approval of the *McGann* settlement.  Defendant thus opposes Plaintiffs' discovery plan in that Defendant will request this Court to stay all litigation until proceedings relating to approval of the *McGann* settlement have concluded.  If the *McGann* settlement is not approved or otherwise does not resolve this litigation, then the parties can propose scheduling dates and a discovery plan at that time.

### V.     Class Certification Proceedings.

The parties could not reach agreement as to a discovery plan. The *Domiano* Plaintiffs request the following briefing schedule on Plaintiffs' motion for class certification: Plaintiffs' memorandum in support will be filed by January 5, 2015 after pursuing Rule 23 class discovery; Defendant's memorandum in opposition will be filed by February 9, 2015; and Plaintiffs' reply memorandum in support of class certification will be filed by March 2, 2015. Defendant opposes setting a briefing schedule at this time. As stated above, Defendant will request this Court to stay all litigation pending the outcome of the *McGann* settlement. If the *McGann* settlement does not resolve this litigation, then the parties can propose scheduling dates at that time.

### VI.    Motion Practice.

There are no pending motions. The parties could not reach agreement as to a deadline to submit substantive motions. The *Domiano* Plaintiffs propose a deadline of submitting motions for summary judgment 60 days after the Court rules on the

6

Motion for Class Certification. Defendant opposes setting a motion practice schedule at this time. As stated above, Defendant will request this Court to stay all litigation pending the outcome of the *McGann* settlement. If the *McGann* settlement does not resolve this litigation, then the parties can propose scheduling dates at that time.

### VII. Other Necessary Deadlines.

The parties are unaware of any other necessary deadlines at this time.

Filed: November 25, 2013


Respectfully submitted,


| s/  James M. Smith | s/ Paul G. Karlsgodt (with consent) |
|---|---|
| Counsel for Plaintiffs | Counsel for Defendant |

*Counsel for Domiano*

Richard J. Doherty
Daniel J. Cohen
James M. Smith
Bock & Hatch, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL 60602
(312) 658-5500

Matthew H. Armstrong
Armstrong Law Firm, LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
(314) 258-0212

*Counsel for Atteberry*

James R. Rowe, II
The Law Firm of Rowe & Associates
Suite 644

Erica G. Kitaev
Paul G. Karlsgodt
Baker and Hostetler, LLP
303 E. 17th Ave., Suite 1100
Denver, CO 80203-1264
(303) 861-0600

Craig A. Hoffman
Baker and Hostetler
312 Walnut St., Suite 3200
Cincinnati, OH 45202
(513) 929-3491

Daniel R. Warren
Baker and Hostetler, LLP
1900 E. Ninth Street, Suite 3200
Cleveland, OH 44114-3482
(216) 861-7145

1 Dearborn Square
Kankakee, IL 60901
(815) 346-2529

Larry D. Drury
Two N. LaSalle Street, Suite 700
Chicago, IL 60602
(312) 346-7950

*Counsel for Rippy*

Thomas G. Maag
Peter J. Maag
Maag Law Firm, LLC
22 West Lorena Ave.
Wood River, IL 62095
(618) 216-5291

Jeffrey A.J. Millar
Millar Law Firm, LLC
16 Goldtrail Drive
St. Charles, MO 63301
636-448-4982

*Counsel for Akelaitis*

Craig S. Mielke
Kathleen Currie Chavez
Matthew J. Herman
Robert M. Foote
Foote, Mielke, Chavez & O'Neil LLC
10 W. State Street, Suite 200
Geneva, IL 60134
(630) 232-7450

Joel M. L. Huotari
John James Holevas
Marc Charles Gravino
WilliamsMcCarthy
120 W. State Street
P.O. Box 219
Rockford, IL 61105-0219
(815) 987-8982

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was electronically filed by the undersigned counsel and as a result thereof was served by the Court's ECF/CM system upon all parties of record.

s/ James M. Smith
One of counsel for Plaintiffs
