# EXHIBIT A

## TO

# SETTLEMENT AGREEMENT

ectronically Filed - City of St. Louis - October 01, 2013 - 07:10 PM GMT+00:00

## CLAIM FORM A

USE THIS CLAIM FORM IF:

(1) YOU ARE MAKING A CLAIM FOR ONLY OUT-OF-POCKET EXPENSES;

OR

(2) YOU ARE MAKING A CLAIM FOR OUT-OF-POCKET EXPENSES **AND** YOU ARE MAKING A CLAIM FOR A $10 CASH PAYMENT FOR EACH DEBIT OR CREDIT CARD ON WHICH FRAUDULENT CHARGES WERE MADE AND REVERSED OR REPAID

This claim form should be submitted if you used a credit or debit card at Schnucks between December 9, 2012 and March 30, 2013, and you had certain out-of-pocket expenses as a result of the Security Incident. You may get a check if you fill out this claim form, if the settlement is approved, and if you are found to be eligible for a payment.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, www.[domain].com, or call 1-800-000-0000 for more information.

If you wish to submit a claim for a settlement payment relating to out-of-pocket expenses incurred as a result of the Security Incident, you need to provide the information requested below. Please print clearly in blue or black ink. This claim form must be mailed and postmarked by **Month 00, 2013**.

1. CLASS MEMBER INFORMATION.

Name (REQUIRED): _____

_____
Number and Street (REQUIRED)

_____
City (REQUIRED)                          State (REQUIRED)        Zip Code(REQUIRED)
Telephone Number (REQUIRED): (____) _____ Email Address (optional)_____

2. PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and sections 2.1 and 2.2 of the Settlement Agreement (available at www.[domain].com) for more information on who is eligible for a payment and the nature of the expenses that can be claimed.

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

Write the 16-digit card number for each credit card that you used at Schnucks between December 9, 2012 and March 30 2013:

_____
_____

Check the box for each category of out-of-pocket expenses that you had to pay as a result of the Schnucks Security Incident. Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges as described in **bold type** (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

_____ Fees or other charges from your bank or credit card company due to fraudulent activity on your card.

Examples - Overdraft fees, over-the-limit fees, late fees, or charges due to insufficient funds or interest.

Total amount for this category $_____

*Attach a copy of a bank or credit card statement or other proof of the fees or charges.*

ectronically Filed - City of St. Louis - October 01, 2013 - 07:10 PM GMT+00:00

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

\_\_\_\_\_ Fees or charges relating to the reissuance of your credit or debit card.

    Examples – Fees that your bank charged you because you requested a new credit or debit card.

    Total amount for this category $_____

    ***Attach a copy of a bank or credit card statement or other receipt showing these fees.***

    You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

\_\_\_\_\_ Fees relating to your account being frozen or unavailable.

    Examples - You were charged a late fee or interest by another company because your payment was declined. You had to pay a fee for a money order or other form of alternative payment because you could not use your debit or credit card.

    Total amount for this category $_____

    ***Attach a copy of receipts, bank or credit card statements, or other proof that you had to pay these expenses.***

    You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

\_\_\_\_\_ Other incidental telephone, internet, or postage expenses directly related to the Security Incident.

    Examples - Long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used)

    Total amount for this category $_____

    ***Attach a copy of the bill from your telephone or mobile phone company or internet service provider that shows the charges.***

    You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

\_\_\_\_\_ Unreimbursed fraudulent charges.

    Examples – Fraudulent charges that were made on your credit or debit card account and that were not reversed or repaid even though you reported them to your bank or credit card company.

    Total amount for this category $_____

    ***Attach a copy of statements that show the fraudulent charges and any correspondence showing that you reported the charges as fraudulent. If you do not have anything in writing, tell us the approximate date that you reported and to whom you reported the fraudulent charge.***

    You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

    **Date reported** _____

    **Description of the person to whom you reported**

    _____

    _____

\_\_\_\_\_ Credit reports, identity theft insurance, or credit monitoring charges.

Examples – The cost of a credit report, identity theft insurance, or credit monitoring services that you purchased after hearing about the Schnucks Security Incident.

Total amount for this category $_____

***Attach a copy of a receipt or other proof of purchase for each credit report or product purchased.***

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

_____ Between one and three hours of documented time.

Examples – You spent at least one full hour calling customer service lines, writing letters or emails, or on the Internet in order to get fraudulent charges reversed or in updating automatic payment programs because your card number changed.

Total number of hours claimed _____

***Attach a copy of any letters or emails you wrote or, if the time was spent online or on the telephone, describe what you did.  If the time was spent trying to reverse fraudulent charges, describe what you did.  If the time was spent in updating accounts due to your card being reissued, identify the other accounts that had to be updated.***

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

_____
_____
_____
_____

_____ Other out-of-pocket expenses that happened because of the Schnucks Security Incident.

**Describe the expense, why you believe that they are related to the Schnucks Security Incident, and provide as much detail as possible about the date you incurred these expenses and the company or person to whom you had to pay them.**

_____
_____
_____
_____

_____ Did you also have fraudulent charges to a debit or credit card account that were reversed or repaid?  (If so, in addition to your out-of-pocket expenses, you are eligible to receive a $10 cash payment for each debit or credit card on which fraudulent charges were made and reversed or repaid.  *See* Section 2.2 of the Settlement Agreement.)

If so, how many cards had fraudulent charges that were reversed or repaid? _____

**For each card, provide a card statement or other documentation showing:**

**1) One or more fraudulent charges were posted to your account that you believe were caused by the Schnucks Security Incident; and**

**2) The charges were later reversed or reimbursed by the bank or credit card company.**

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

## 3. SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury under the laws of the United States and the State of _____ that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I authorize the Settlement Administrator and Schnucks to verify the information that I have provided for accuracy and to obtain any additional information from third parties that may be necessary to verify my claim.

Electronically Filed - City of St. Louis - October 01, 2013 - 07:10 PM GMT+00:00

_____         _____         ____/___/____

Signature                                     Print Name                                         Month/Day/Year

**4. MAIL YOUR CLAIM FORM.**

This claim form must be postmarked by **Month 00, 2013** and mailed to:

Settlement Administrator
P.O. Box 0000
City, ST 00000.

Electronically Filed - City of St. Louis - October 01, 2013 - 07:10 PM GMT+00:00

# EXHIBIT B

# TO

# SETTLEMENT AGREEMENT

ectronically Filed - City of St. Louis - October 01, 2013 - 07:10 PM GMT+00:00

## <u>CLAIM FORM B</u>

USE THIS CLAIM FORM IF YOU ARE <u>**ONLY**</u> MAKING A CLAIM FOR A $10 CASH PAYMENT FOR EACH DEBIT OR CREDIT CARD ON WHICH FRAUDULENT CHARGES WERE MADE AND REVERSED OR REPAID

This claim form should be used if you do <u>not</u> have any out-of-pocket expenses to claim but you used a credit or debit card at Schnucks between December 9, 2012 and March 30, 2013, and had one or more fraudulent charges posted to a credit or debit card account that were ultimately reversed or repaid. You may get a check if you fill out this claim form completely and provide the required documentation, if the settlement is approved, and if you are found to be eligible for a payment.

*If you are claiming that you had unreimbursed fraudulent charges posted to your account, do not use this claim form. Instead, use Claim Form A.* This claim form is for Class members who do not have out-of-pocket expenses, but who did have one or more fraudulent charges posted to a credit or debit card account that were ultimately reversed or repaid.

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, www.[domain].com, or call 1-800-000-0000 for more information.

If you wish to submit a claim for a $10 payment for each credit or debit card on which you had fraudulent charges because of the Security Incident that were reversed or reimbursed, you need to provide the information requested below. Please print clearly in blue or black ink. This claim form must be mailed and postmarked by Month 00, 2013.

1. CLASS MEMBER INFORMATION.

Name (REQUIRED):

_____

*Number and Street (REQUIRED)*
_____

*City (REQUIRED)*                    *State (REQUIRED)*                    *Zip Code(REQUIRED)*

Telephone Number *(REQUIRED)*:  (_____) _____ Email Address (optional)_____

2. PAYMENT ELIGIBILITY INFORMATION.

Please review the notice and section 2.2 of the Settlement Agreement (available at www.[domain].com) for more information on who is eligible for a payment and the nature of the expenses that can be claimed.

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

Write the 16-digit card number for each credit card that you used at Schnucks between December 9, 2012 and March 30, 2013, that had fraudulent charges posted to it:
_____
_____

<u>REQUIRED DOCUMENTATION:</u> *For each card, provide a card statement or other documentation showing:*

*1) One or more fraudulent charges were posted to your account that you believe were caused by the Schnucks Security Incident; and*

ectronically Filed - City of St. Louis - October 01, 2013 - 07:10 PM GMT+00:00

*2) The charges were later reversed or reimbursed by the bank or credit card company.*

You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

3. SIGN AND DATE YOUR CLAIM FORM.

I declare under penalty of perjury under the laws of the United States and the State of _____ that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I authorize the Settlement Administrator and Schnucks to verify the information that I have provided for accuracy and to obtain any additional information from third parties that may be necessary to verify my claim.

| | | |
|---|---|---|
| *Signature* | *Print Name* | \_\_\_/\_\_\_/\_\_\_\_ *Month/Day/Year* |

4. MAIL YOUR CLAIM FORM.

This claim form must be postmarked by Month 00, 2013 and mailed to:

Settlement Administrator
P.O. Box 0000
City, ST 00000.

# EXHIBIT C

# TO

# SETTLEMENT AGREEMENT

actronically Filed - City of St. Louis - October 01, 2013 - 07:10 PM GMT+00:00

## CLAIM FORM C

USE THIS CLAIM FORM IF YOU ARE MAKING A CLAIM FOR EXPENSES RESULTING FROM IDENTITY THEFT *OTHER THAN* FRAUDULENT CHARGES TO YOUR EXISTING CREDIT OR DEBIT CARD ACCOUNT

This claim form should be submitted if you used a credit or debit card at Schnucks between December 9, 2012 and March 30, 2013, and you believe you actually suffered a form of identity theft other than credit card or debit card fraud on an existing credit card account as a result of the Security Incident.

You could fill out this form if someone has used your personal information to impersonate you or to open new accounts or obtain credit in your name.  However, if your claim is that someone used your credit or debit card number without permission after you used the same credit or debit card at Schnucks, *do not use this claim form.  Instead, use Claim Form A if you are claiming out-of-pocket losses or B if you just had fraudulent charges to your account that were later reversed or repaid.*

The settlement notice describes your legal rights and options. Please visit the official settlement administration website, www.[domain].com, or call 1-800-000-0000 for more information.

If you wish to submit a claim for a settlement payment relating to expenses incurred as a result of identity theft caused more likely than not by the Schnucks Security Incident, you need to provide the information requested below.  Please print clearly in blue or black ink.  This claim form must be mailed and postmarked by **Month 00, 2013.**

**1. CLASS MEMBER INFORMATION.**

Name (REQUIRED): _____

_____
*Number and Street (REQUIRED)*

_____
*City (REQUIRED)*          *State (REQUIRED)*          *Zip Code(REQUIRED)*
Telephone Number (*REQUIRED*): (____) _____ Email Address (optional)_____

**2. PAYMENT ELIGIBILITY INFORMATION.**

Please review the notice and sections 2.3 through 2.3.5 of the Settlement Agreement (available at www.[domain].com) for more information on who is eligible for a payment and the nature of the expenses that can be claimed.

Please provide as much information as you can to help us figure out if you are entitled to a settlement payment.

**PLEASE PROVIDE THE INFORMATION LISTED BELOW:**

Confirm that you reported the identity theft to local, state, or federal law enforcement authorities _____ (check box)

**Attach a copy of the report that you filed with law enforcement -** *Note that this is a requirement to receiving benefits under the settlement.  Your claim will be denied if you do not provide proof that you reported the identity theft to law enforcement.  If you have not yet made the report, you can still do so, and that report will be sufficient to proceed.*

Write the 16-digit card number for each credit card that you used at Schnucks between December 9, 2012 and March 30 2013:

_____
_____

On what date did you discover that you may have suffered identity theft?

_____

Had you ever been the victim of identity theft before the Schnucks Security Incident?  If so, describe the circumstances, including when you suffered identity theft before.

Electronically Filed - City of St. Louis - October 01, 2013 - 07:10 PM GMT+00:00

_____
_____
_____
_____
_____

Within the three years preceding the date of this claim, have you received any notice that your personal information was disclosed as part of any other security incident other than the Schnucks Security Incident?  If so, from whom you received a notice and describe the personal information that was disclosed in that incident.

_____
_____
_____
_____
_____

*If available, attach a copy of any written notice discussed above.*

Explain the nature of the identity theft that you believe you have suffered because of the Schnucks Security Incident.

_____
_____
_____
_____
_____

Why do you believe that the identity theft you suffered was caused by the Schnucks Security Incident?

_____
_____
_____
_____

What is the total amount of expenses that you had to pay as a result of the identity theft?  _____

Describe the expenses you incurred as a result of identity theft that you believe was the result of the Schnucks Security Incident.

_____
_____
_____
_____
_____

*Attach account statements, invoices, or any other proof of the expenses.*

_____ Check the box if you reported the identity theft to the three major credit reporting bureaus (Experian, TransUnion, Equifax).

*Attach a copy of any letters you may have sent or received from the three major credit reporting bureaus regarding the identity theft.*

_____ Check the box if you requested that a fraud alert or security freeze be placed on your credit report because of identity theft as a result of the Schnucks Security Incident.

*Attach a copy of your credit report showing the alert or freeze or any other proof that you requested a freeze or fraud alert to be placed on your report.* You may mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

_____ Check the box if you reported the identity theft to the Federal Trade Commission.

*Attach a copy of the complaint you filed with the Federal Trade Commission.*

_____ Check the box if you are a subscriber to a credit monitoring service.

_____ Check the box if you have any insurance coverage for identity theft, including under your home owner's insurance policy.

_____ Check the box if you have ever made a claim under an insurance policy for identity theft, whether in connection with the Schnucks Security Incident or any other incident.

*Attach a copy of that insurance claim and a copy of the document you received from your insurer showing the determination of that claim.*

_____ Check the box if you have received any reimbursement from any other party for any of the expenses you believe were caused by the Schnucks Security Incident. Examples – repayment by a creditor or the person who used your personal information.

*Attach a copy of any document that shows the amount of the reimbursement from any other party.*

**3. SIGN AND DATE YOUR CLAIM FORM.**

I declare under penalty of perjury under the laws of the United States and the State of _____ that the information supplied in this claim form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I authorize the Settlement Administrator and Schnucks to verify the information that I have provided for accuracy and to obtain any additional information from third parties that may be necessary to verify my claim.

_____        _____        _____/____/_____
Signature                          Print Name                         Month/Day/Year

**4. MAIL YOUR CLAIM FORM.**

This claim form must be postmarked by **Month 00, 2013** and mailed to:

Settlement Administrator
P.O. Box 0000
City, ST 00000

The Claims Administrator may request additional information from you in order to evaluate your claim.

Electronically Filed - City of St. Louis - October 01, 2013 - 07:10 PM GMT+00:00

# EXHIBIT D

# TO

# SETTLEMENT AGREEMENT

# If You Shopped at Schnucks with a Credit or Debit Card Between December 9, 2012 and March 30, 2013, You May Be Eligible for Payments From a Class Action Settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A Settlement has been reached with the grocery store chain Schnuck Markets, Inc. ("Schnucks") in a class action lawsuit about a security breach that occurred between December 9, 2012 and March 30, 2013, after unknown hackers illegally accessed Schnucks' payment card system ("Schnucks Security Incident"). The evidence indicates that 79 Schnucks stores, as listed at www.XXXXXXXX.com, were affected.

The Settlement will provide for payments for certain out-of-pocket expenses and lost time incurred by Class Members as a result of the Schnucks Security Incident, payments for individuals who had fraudulent charges posted to their credit or debit card accounts as a result of the Schnucks Security Incident, and compensation for anyone who can prove that they suffered identity theft losses that occurred more likely than not as a result of the Schnucks Security Incident.

## WHAT IS THIS ABOUT?

The lawsuit claims that Schnucks was responsible for the Security Incident that occurred when hackers illegally accessed its payment card system because Schnucks did not take appropriate care to protect those systems from hacking. The lawsuit seeks compensation for those individuals who were adversely affected by the Schnucks Security Incident.

Schnucks denies all of Plaintiffs' claims and says it did not do anything wrong. It maintains that it is the innocent victim of a crime.

## WHO IS INCLUDED?

You are included in the Settlement if you made a purchase using a credit or debit card at a Schnucks store between December 9, 2012 and March 30, 2013.

## WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement makes money available to pay eligible Class Members for certain non-reimbursed out-of-pocket expenses and qualifying lost time that resulted from the Schnucks Security Incident, of up to $175 per person. The specific out-of-pocket expenses and lost time that may be claimed are listed in the Detailed Notice available at the website below. The claim deadline for these claims is **Month 00, 2014.**

In addition, Class Members who had fraudulent charges posted to their accounts as a result of the Schnucks Security Incident can make a claim for $10 for each card that had fraudulent charges, even if those charges were reversed or credited back to your account. These benefits are available in addition to any non-reimbursed out-of-pocket losses. The claim deadline for these claims is **Month 00, 2014.**

Finally, Class Members claiming to have been the victim of identity theft other than credit or debit card fraud because of information compromised as part of the Schnucks Security Incident are eligible to make a claim for reasonable losses and expenses incurred because of the identity theft. The claim deadline for these claims is **[insert date – 120 days from first publication of notice]** if you discovered the identity theft **before** **[insert date – first publication of notice]** or, if you discovered the identity theft after that date, then the claim deadline is 120 days from the date you discovered it, but in no event can you make a claim for identity theft after December 31, 2014.

Depending on the number of valid claims, some payments may be reduced pro rata. To get a Claim Form and the Detailed Notice visit the website or call the toll free number.

## YOUR OTHER OPTIONS.

If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by **Month DD, 2013**, or you will not be able to sue, or continue to sue, Schnucks about the legal claims this Settlement resolves, ever again. If you stay in the Settlement Class, you may object to it by **Month DD, 2013**. The Detailed Notice explains how to exclude yourself or object.

The Court will hold a hearing in the case, known as *McGann, et al., v. Schnuck Markets, Inc.,* Case No. 1322-CC00800 on **Month DD, 2014**, to consider whether to approve the Settlement, and a request by Class Counsel for attorneys' fees of $635,000 and reasonable costs and expenses and incentive awards of $500 for each of the Class Representatives. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

Electronically Filed - City of St. Louis - October 01, 2013 - 07:10 PM GMT+00:00

# EXHIBIT E

# TO

# SETTLEMENT AGREEMENT

The Circuit Court of the City of St. Louis, State of Missouri

# If You Shopped at Schnucks with a Credit or Debit Card Between December 9, 2012 and March 30, 2013, You May Be Eligible for Payments From a Class Action Settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached with the grocery store chain Schnuck Markets, Inc. ("Schnucks") in a class action lawsuit about a security breach that occurred between December 9, 2012 and March 30, 2013, after unknown hackers illegally accessed Schnucks' payment card system ("Schnucks Security Incident"). The evidence indicates that 79 Schnucks stores, as listed at www.XXXXXXXXXX.com, were affected by the Schnucks Security Incident.

- The Settlement includes people who made a purchase using a credit or debit card at Schnucks stores between December 9, 2012 and March 30, 2013.

- The Settlement provides payments for certain out-of-pocket expenses and certain documented lost time incurred by Class Members as a result of the Schnucks Security Incident, payments for individuals who had fraudulent charges posted to their credit or debit card accounts as a result of the Schnucks Security Incident, and compensation for anyone who can prove that they suffered identity theft losses more likely than not as a result of the Schnucks Security Incident.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
| --- | --- |
| **Submit a Claim** | The only way to get a payment. |
| **Ask to be Excluded** | Get no payment. The only option that allows you to sue Schnucks over the claims resolved by this Settlement. |
| **Object** | Write to the Court about why you do not like the Settlement. |
| **Do Nothing** | Get no payment. Give up rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments will only be made after the Court grants final approval of the Settlement and after any appeals are resolved.

**Questions? Call 1-8XX-XXX-XXXX or visit www.XXXXXXXXXXX.com**
**Si desea recibir esta notificación en español, llámenos o visite nuestra página web.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ......................................................................................**PAGE 3**
1. Why was this Notice issued?
2. What is this lawsuit about?
3. Why is this lawsuit a class action?
4. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?** .........................................................................**Page 3**
5. How do I know if I am included in the Settlement?
6. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ...........................................................................**Page 4**
7. What does the Settlement provide?
8. How much will payments be?

**HOW TO GET BENEFITS** ...................................................................................**Page 5**
9. How do I get benefits?

**REMAING IN THE SETTLEMENT** ......................................................................**Page 6**
10. Do I need to do anything to remain in the Settlement?
11. What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................**Page 6**
12. If I exclude myself, can I benefit from this Settlement?
13. If I do not exclude myself, can I sue Schnucks for the same thing later?
14. How do I exclude myself from the Settlement?

**THE LAYWERS REPRSENTING YOU** ..................................................................**Page 7**
15. Do I have a lawyer in this case?
16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ...................................................................**Page 7**
17. How do I tell the Court that I do not like the Settlement?
18. What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ..................................................................**Page 8**
19. When and where will the Court decide whether to approve the Settlement?
20. Do I have to attend the hearing?
21. May I speak at the hearing?

**IF YOU DO NOTHING** .........................................................................................**Page 9**
22. What happens if I do nothing?

**GETTING MORE INFORMATION** ........................................................................**Page 9**
23. How do I get more information?

**Questions?  Call 1-8XX-XXX-XXXX or visit www.XXXXXXXXXXX.com**

## BASIC INFORMATION

**1. Why was this Notice issued?**

A Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

Judge David L. Dowd of the 22nd Judicial Circuit of Missouri is overseeing this case. The case is known as *McGann, et al., v. Schnuck Markets, Inc.*, Case No. 1322-CC00800, Division 2, in the Circuit Court of the City of St. Louis, State of Missouri. The people who sued are called Plaintiffs. Schnuck Markets, Inc. ("Schnucks") is called the Defendant.

**2. What is this lawsuit about?**

The lawsuit claims that Schnucks was responsible for the Security Incident that occurred when hackers illegally accessed its payment card system because Schnucks did not take appropriate care to protect those systems from hacking. The lawsuit seeks compensation for those individuals who were adversely affected by the Schnucks Security Incident.

Schnucks denies all of the Plaintiffs' claims and says it did not do anything wrong. It maintains that it is the innocent victim of a crime.

**3. Why is this lawsuit a class action?**

In a class action, one or more people called "Class Representatives" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members." In this case, the Class Representatives are Susan McGann, Mary Lowe, Joseph Lumetta, Steven Kane, Darrius Stewart, Sarah Lamb, Steve Skurat, Kristen MacDonald and John Gaffigan. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

**4. Why is there a Settlement?**

By agreeing to settle, both sides avoid the cost and risk of a trial, and the people affected will get a chance to receive compensation. The Class Representatives and their attorneys believe the Settlement is fair, reasonable, and adequate and, thus, best for the Class and its members. The Settlement does not mean that Schnucks did anything wrong.

## WHO IS IN THE SETTLEMENT?

**5. How do I know if I am included in the Settlement?**

You are included in the Settlement Class if you used a credit or debit card at a Schnucks store between December 9, 2012 and March 30, 2013.

**Questions? Call 1-8XX-XXX-XXXX or visit www.XXXXXXXXXXX.com**

3

## 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call 1-800-000-0000 with questions or visit www.XXXXXXXX.com. You may also write with questions to SETTLEMENT ADMINISTRATOR, PO Box 00000, City, ST 00000.

# THE SETTLEMENT BENEFITS

## 7. What does the Settlement provide?

The Settlement makes money available to pay eligible Class Members for losses that resulted from the Schnucks Security Incident, of up to $175 per person in this category. The types of out-of-pocket expenses and lost time that can be claimed include: (i) unreimbursed bank fees; (ii) unreimbursed card reissuance fees; (iii) unreimbursed overdraft fees; (iv) unreimbursed charges related to unavailability of funds; (v) unreimbursed late fees; (vi) other unreimbursed fees related to fraudulent charges or credit card or debit card reissuance; (vii) unreimbursed over-limit fees; (viii) long distance telephone charges; (ix) cell minutes, Internet usage charges, and text; (x) unreimbursed charges from banks or credit card companies; (xi) postage; (xii) interest on payday loans due to card cancelation or due to over-limit situation; (xiii) up to three hours of documented lost time spent dealing with replacement card issues or in reversing fraudulent charges (calculated at the rate of $10 per hour), but only if at least one full hour was spent, and only if the time can be documented with reasonable specificity by answering the questions on the claim form; (xiv) costs of credit report(s) purchased by Settlement Class Members between March 15, 2013 and the date of the Preliminary Approval Order; and (xv) costs of credit monitoring and identity theft protection (not to exceed $80).

In addition, Class Members who had fraudulent charges posted to their accounts as a result of the Schnucks Security Incident can make a claim for $10 for each card that had fraudulent charges, even though those charges were reversed or credited back to the account. These benefits are available in addition to any non-reimbursed out-of-pocket expenses and lost time above.

Finally, Class Members claiming to have been the victim of identity theft other than credit or debit card fraud because of information compromised as part of the Schnucks Security Incident are eligible to make a claim for reasonable losses and expenses incurred more likely than not as a result of the identity theft. In order to get reimbursed in the amount of his or her proven loss, a Class Member claiming to be a victim of identity theft as a result of the Schnucks Security Incident must show that: (a) it is an actual, documented, and unreimbursed monetary loss; (b) which resulted from identity theft proven to be more likely than not caused by the Schnucks Security Incident; (c) that occurred during the time period from December 9, 2012 through December 31, 2014; and (d) the claimant reported the identity theft to law enforcement and can produce a written law enforcement report relating to the identity theft. The process for determining whether the losses from identity theft were a result of the Schnucks Security Incident first involves answering multiple choice questions relating to the identity theft. Once the Class Member has shown that their identity theft may be a result of the Schnucks Security Incident by answering the questions, the individual will need to supply more information and a claims administrator will decide whether the information is complete and whether it is more likely than not that the individual's identity theft was a result of the Schnucks Security Incident.

Questions? Call 1-8XX-XXX-XXXX or visit www.XXXXXXXXXX.com

4

The Class Member claiming loss will have more than one opportunity to review the claim administrator's decision and appeal it to the appointed Claims Referee for a final decision.

More details are in a document called the Settlement Agreement, which is available at www.XXXXXXXXX.com.

## 8. How much will payments be?

The following payments are possible under the settlement: 1) 100% of all eligible out-of-pocket expenses and qualifying lost time, up to a maximum of $175; and 2) $10 for each credit or debit card on which one or more fraudulent charges were posted as a result of the Schnucks Security Incident.

These Settlement benefits, along with the cost of administering the Settlement, are subject to an overall cap of $1.9 million.  Depending on the number of claims made, claims for out-of-pocket expenses and lost time may need to be prorated if the total is more than $1.9 million.  The Settlement guarantees that at least $5 will be paid for each valid $10 cash claim, but if the total amount of out-of-pocket expenses, plus costs of administering the Settlement, plus $10 cash claims exceeds $1.9 million, then the potential $10 payment will be prorated but in no event less than $5.  The Settlement Agreement explains specifically how the aggregate cap works in different scenarios.

In addition, valid claims for identity theft will be paid in an amount up to $10,000 for a monetary out-of-pocket loss that is claimed and proven by the individual to have occurred more likely than not as a result of the Schnucks Security Incident.  A claims administrator will decide, based on a Claim Form (see the "How do I get benefits" section) and additional documentation, whether a claim should be paid under the Settlement.  Total aggregate payments made by Schnucks for identity theft claims shall be made on a first-valid-claim received basis, and Schnucks shall only be obligated to pay a maximum of $300,000 for such claims and all administrative expenses associated with the receipt, review, and payment of those claims.

More details are in a document called the Settlement Agreement, which is available at www.XXXXXXXXX.com.

# HOW TO GET BENEFITS

## 9. How do I get benefits?

To ask for a payment, simply complete and submit a Claim Form within the applicable deadlines.  To be timely, Claim Form A or Claim Form B must be mailed and postmarked on or before [**deadline to be inserted**], and Claim Form C must be mailed and postmarked by [**insert date – 120 days from first publication of notice**] if you discovered the identity theft before [**insert date – first publication of notice**] or, if you discovered the identity theft after that date, then the claim deadline is 120 days from the date you discovered it, but in no event can you make a claim for identity theft after December 31, 2014.

Claim Form A is for Class Members who either: (1) only have claims for out-of-pocket losses or qualifying lost time resulting from the Schnucks Security Incident, or (2) *both* have claims for out-of-pocket losses or qualifying lost time resulting from the Schnucks Security Incident *and* had fraudulent charges posted on their credit or debit card accounts that were later reversed orcredited back to the account(s).

Claim Form B is for Class Members who did **not** have any out-of-pocket losses or qualifying lost time, but who did have fraudulent charges on their credit or debit cards that were later reversed or credited back to the account(s).

Claim Form C is for Class Members who claim to have suffered a form of identity theft resulting from the Schnucks Security Incident other than through fraudulent charges on a credit or debit card that was used at Schnucks.

Claim Forms are available at www.XXXXXXXXX.com or by calling 1-800-000-0000. Please read the instructions carefully, fill out the Claim Form and mail it postmarked no later than **Month 00, 2013** to:

SETTLEMENT ADMINISTRATOR
P.O. Box 00000
City, ST 00000

## REMAINING IN THE SETTLEMENT

### 10. Do I need to do anything to remain in the Settlement?

You do not have to do anything to remain in the Settlement but if you want a payment you will need to fill out and submit a Claim Form within the applicable deadlines.

### 11. What am I giving up as part of the Settlement?

If the Settlement becomes final, you will give up your right to sue Schnucks for the claims being resolved by this Settlement. The specific claims you are giving up against Schnucks are described in Section 1.20 of the Settlement Agreement. You will be "releasing" Schnucks and all related people as described in Section 6.1 of the Settlement Agreement. The Settlement Agreement is available at www.XXXXXXXXX.com.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the law firms listed in Question 15 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue Schnucks about issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

### 12. If I exclude myself, can I benefit from this Settlement?

No. If you exclude yourself, you will not be entitled to any benefits of the Settlement but you will not be bound by any judgment in this case. The exclusion deadline is **Month 00, 2013**.

**13. If I do not exclude myself, can I sue Schnucks for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Schnucks for the claims that this settlement resolves.  You must exclude yourself from the Settlement Class to start your own lawsuit or be part of any different lawsuit relating to the claims in this case.  If you exclude yourself, do not submit a Claim Form to ask for a payment.

**14. How do I exclude myself from the Settlement?**

To exclude yourself, send a letter that says you want to be excluded from the Settlement in *McGann, et al., v. Schnuck Markets, Inc.*, Case No. 1322-CC00800, Division 2, in the Circuit Court of the City of St. Louis, State of Missouri.  Include your name, address, and signature. You must mail your Exclusion Request postmarked by **Month 00, 2013**, to:

> SETTLEMENT NAME Exclusions
> P.O. Box 00000
> City, ST 00000

# THE LAWYERS REPRESENTING YOU

**15. Do I have a lawyer in this case?**

Yes.  The Court appointed the following as "Class Counsel": Ben Barnow, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, IL 60602 and John S. Steward, Steward Law Firm, LLC, 1717 Park Avenue, St. Louis, MO 63104.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**16. How will the lawyers be paid?**

Class Counsel will request the Court's approval of an award for attorneys' fees of $635,000, plus reasonable costs and expenses.  Any amount that the Court awards for attorneys' fees, costs and expenses will be paid separately from the benefits available to the Class and will not reduce the amount of payments to the Class.  Class Counsel will also request approval of incentive awards of $500 for each of the Class Representatives.  These amounts will also be separate from any benefits available to the Class and will not reduce any payments to the Class.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**17. How do I tell the Court that I do not like the Settlement?**

You can object to the Settlement if you do not like some part of it.  The Court will consider your views.  To do so, you must file a written objection in this case, *McGann, et al., v. Schnuck Markets, Inc.*, Case No. 1322-CC00800, Division 2, in the Circuit Court of the City of St. Louis, State of Missouri.  Your objection must state: (i) your full name, address, telephone number and e-mail address (if any); (ii) information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class (for example - a receipt showing a purchase

made during the relevant time period from one of the stores that had compromised payment card information or an appropriate affidavit in lieu of such a receipt if you do not have such a receipt); (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection you believe is applicable; (iv) the identity of all lawyers (if any) representing you; (v) the identity of all your lawyers (if any) who will appear at the Final Fairness Hearing; (vi) a list of all persons who will be called to testify at the Final Fairness Hearing in support of your objection; (vii) a statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing; (viii) your signature or the signature of your duly authorized lawyer or other duly authorized representative (along with documentation setting forth such representation); (ix) a list, by case name, court, and docket number, of all other cases in which you (directly or through a lawyer) have filed an objection to any proposed class action settlement within the last 3 years; (x) a list, by case name, court, and docket number, of all other cases in which your lawyer (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last 3 years; and (xi) a list, by case name, court, and docket number, of all other cases in which you have been a named plaintiff in any class action or served as a lead plaintiff or class representative.

To be timely, your objection in the appropriate form must be **filed** with the Clerk of the Circuit Court of the City of St. Louis, State of Missouri, 10 N. Tucker Blvd., St. Louis, Missouri 63101 no later than **Month 00, 2013**.  In addition, you must **Mail** a copy of your objection to these four different places postmarked no later than **Month 00, 2013**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| 22nd Judicial Circuit Court of Missouri, Division 2<br>10 N. Tucker Blvd.<br>St. Louis, Missouri 63101 | Ben Barnow<br>Barnow and Associates, P.C.<br>One North LaSalle Street<br>Suite 4600<br>Chicago, IL 60602<br><br>and<br><br>John S. Steward<br>Steward Law Firm, LLC<br>1717 Park Avenue<br>St. Louis, MO 63104 | Paul G. Karlsgodt<br>Baker & Hostetler LLP<br>303 E. 17th Ave., Suite 1100<br>Denver, CO 80203 |

### 18.   What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object only if you do not exclude yourself from the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

**Questions?  Call 1-8XX-XXX-XXXX or visit www.XXXXXXXXXXX.com**

8

**19.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at __:__ on **Month 00, 2014**, at the Courthouse for the Circuit Court of the City of St. Louis, State of Missouri, Civil Courts Building, 10 N. Tucker Blvd., St. Louis, Missouri.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXXXXXXXX.com or call 1-800-000-0000. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such request has been properly made.  The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for incentive awards for the Class Representatives.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

**20.  Do I have to attend the hearing?**

No.  Class Counsel will present the Settlement Agreement to the Court.  You or your own lawyer are welcome to attend at your expense, but you are not required to do so.  If you send an objection, you do not have to come to the Court to talk about it.  As long as you filed your written objection on time with the Court and mailed it according to the instructions under Question 17, above, the Court will consider it.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must file an objection and a "Notice of Intention to Appear in *McGann, et al., v. Schnuck Markets, Inc.*, Case No. 1322-CC00800, Division 2."  Be sure to include your name, address, telephone number, and your signature.  Your Notice of Intention to Appear must be postmarked no later than **Month 00, 2013**, and must be sent to the four addresses listed in Question 17.

# IF YOU DO NOTHING

**22.  What happens if I do nothing?**

If you do nothing, you will get no benefits from this settlement.  Unless you exclude yourself, after the Settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Schnucks about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

**23.  How do I get more information?**

This Notice summarizes the proposed Settlement.  More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement at www.XXXXXXXXX.com.  You may also write with questions to SETTLEMENT NAME, PO Box 00000, City, ST 00000.  You can also get a Claim Form at the website, or by calling the toll free number, 1-800-000-0000.

**Questions?  Call 1-8XX-XXX-XXXX or visit www.XXXXXXXXXXX.com**

# EXHIBIT F

# TO

# SETTLEMENT AGREEMENT

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

Susan McGann, Mary Lowe, Joseph
Lumetta, Steven Kane, Darrius Stewart,
Sarah Lamb, Steve Skurat, Kristen
MacDonald, and John Gaffigan,
individually and on behalf of all others
similarly situated,

     Plaintiffs,

vs.

SCHNUCK MARKETS, INC.,
a Missouri corporation,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Cause No. 1322-CC00800

Division: 1

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING THE FORM AND MANNER OF NOTICE AND SETTING FINAL APPROVAL HEARING

  The Court has received Plaintiffs' Motion for and Incorporated Memorandum in Support of Preliminary Approval of Class Action Settlement and Publishing of Notice, and Setting of a Final Fairness Hearing, and attached thereto, the Class Action Settlement Agreement (the "Settlement Agreement") entered into as of September 26, 2013, between and among Plaintiffs Susan McGann, Mary Lowe, Joseph Lumetta, Steven Kane, Darrius Stewart, Sarah Lamb, Steve Skurat, Kristen MacDonald, and John Gaffigan ("Representative Plaintiffs"), and defendant Schnuck Markets, Inc. ("Defendant" or "Schnucks") (collectively, the "Settling Parties"), and filed with the Court on October 1, 2013. Upon consideration and review of the proposed Settlement (as reflected in the Settlement Agreement), exhibits, relevant documents, motion and incorporated memoranda, and the presentation by the Settling Parties, the Court finds that: (1) the Court has jurisdiction over the subject matter and Parties to this Action; (2) the proposed

1

Settlement Class (as defined below) meets the requirements of Missouri Supreme Court Rule 52.08 and should be certified for settlement purposes; (3) the persons and entities identified below should be appointed Representative Plaintiffs and Co-Lead Settlement Class Counsel; (4) the Settlement Agreement is the result of informed, good-faith arm's length negotiations between the Settling Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement Agreement is within the range of reasonableness and should be preliminarily approved; (6) the proposed notice program and the proposed forms of notice described in the Settlement Agreement and the Hilsoft Notice Plan satisfy Missouri Supreme Court Rule 52.08 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Co-Lead Settlement Class Counsel's intent to apply for an award of attorneys' fees, reasonable costs and expenses, and request for Incentive Awards to the Representative Plaintiffs, and the right of Settlement Class Members to opt-out of the Settlement or object to the Settlement; (7) good cause exists to schedule and conduct a Final Approval Hearing to assist the Court in determining whether to grant final approval of the Settlement and enter a Final Judgment, and whether, and in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiffs' incentive awards should be paid to Co-Lead Settlement Class Counsel for distribution; and (8) the other matters pertinent to the preliminary approval of the Settlement Agreement should be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court, for purposes of this Preliminary Approval Order, adopts and incorporates herein by reference all defined terms set forth in the Settlement Agreement.

2

2. The Court finds, for settlement purposes only, that the Missouri Rule of Civil Procedure 52.08 factors are present and that certification of the proposed Settlement Class in accordance with the terms of the Settlement Agreement (the "Settlement Class") is appropriate under Rule 52.08.  The Court therefore certifies the following Settlement Class for settlement purposes:

> All persons who made an authorized in-store purchase using a credit or debit card at a Schnucks store between December 9, 2012 through and including March 30, 2013. The Settlement Class specifically excludes: (i) Schnucks and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

3. As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.  If the Court does grant final approval of the Settlement, then upon the Effective Date of the Settlement (as defined in the Settlement Agreement), all members of the Settlement Class who do not properly and timely request exclusion from the Settlement Class shall be bound by the terms of this Settlement Agreement.

4. The Court appoints Representative Plaintiffs Susan McGann, Mary Lowe, Joseph Lumetta, Steven Kane, Darrius Stewart, Sarah Lamb, Steve Skurat, Kristen MacDonald, and John Gaffigan as Class Representatives.

5. Ben Barnow and John Steward are appointed as Co-Lead Settlement Class Counsel.

6. The Settlement Class is so numerous that joinder of all members is impracticable.  The Court preliminarily finds:

    a)  There are questions of law and fact common to the Settlement Class.

    b)  The claims of Representative Plaintiffs are typical of the claims of members of the Settlement Class.

    c)  Representative Plaintiffs and Co-Lead Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class.  There are no conflicts of interest between Representative Plaintiffs and members of the Settlement Class.

    d)  Questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class.

    e)  Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of the controversy.

    f)  The prosecution of separate actions by or against individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class which would establish incompatible standards of conduct for the party opposing the Settlement Class.

7. Accordingly, the Court hereby certifies the Settlement Class, for settlement purposes, pursuant to Missouri Supreme Court Rule 52.08.

8. The Court preliminarily approves the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate within the meaning of Missouri Supreme Court Rule 52.08, subject to final consideration at the Final Approval Hearing provided for below.

9. The Court approves Claim Forms substantially similar to those attached to the Settlement Agreement as Exhibits A, B, and C.

10. A hearing ("the Final Approval Hearing") shall be held before this Court on the date and time set forth below in Division 2 of the Circuit Court of the City of St. Louis, Missouri to determine:  (a) final certification of the Settlement Class; (b) final approval of the Settlement set forth in the Settlement Agreement as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) whether a Final Judgment as provided in the Settlement Agreement should be entered granting final approval of the Settlement; and (d) whether the requested attorneys' fees and reasonable costs and expenses, and Class Representatives' Incentive Award provided for in the Settlement Agreement should be paid to Co-Lead Settlement Class Counsel for distribution. The Court may adjourn and/or continue the Final Approval Hearing, without further notice to Settlement Class Members.

11. The Court appoints Hilsoft Notifications as the Notice Specialist and Garden City Group, Inc., as the Claims Administrator and Richard P. Sher, Esq. as the Claims Referee.

12. The Court finds that the manner and content of the Notice and Notice Program established by Hilsoft Notifications, a nationally-recognized class action notice provider, will provide the best practicable notice of the Settlement to Class Members and fully satisfies the requirements of Missouri Supreme Court Rule 52.08 and constitutional due process. Further, the Notice is accurate, objective, informative, and provides Settlement Class Members with the information necessary to make an informed decision regarding their participation in the Settlement Agreement and its fairness. Accordingly, the Notice Program shall commence approximately 60 days after expiration of the deadline for

Plaintiffs' Counsel to void the Settlement Agreement (pursuant to SA ¶ 10.4) and shall be completed no later than 90 days before the date of the Final Fairness Hearing.

13. Schnucks shall bear all costs of notice to the Settlement Class and administration of the Settlement.

14. The Court authorizes the parties to make minor, non-material revisions to the Notices as they may jointly deem necessary or appropriate, without the necessity of further Court action or approval.

15. Any Settlement Class Member who does not request exclusion, and who objects to approval of the proposed Settlement in compliance with the requirements SA ¶ 5.1 of the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.

16. However, no person (other than representatives of the named parties) may be heard at the Final Approval Hearing, or file papers or briefs, unless on or before the date set forth in the Notice, such person files with the Clerk of the Court and serves on Class Counsel and Defendant's Counsel a timely written objection and notice of intent to appear, in compliance with the procedures specified in the Notice (and as set forth in SA ¶ 5.1). Any Settlement Class Member who does not make his or her objection to the Settlement in compliance with SA ¶ 5.1, shall be deemed to have waived such objection for purposes of appeal, collateral attack or otherwise.

17. Any putative class member who desires exclusion from the Settlement Class and the Settlement must mail, by the date set forth in the Notice, a written request for exclusion to the address set forth in the Notice. All persons who properly submit requests for

exclusion shall not be part of the Settlement and shall have no rights with respect to the Settlement.

18. If the Settlement is finally approved, the Court shall enter a Final Judgment approving the Settlement.  The Final Judgment shall be fully binding with respect to all Settlement Class Members who did not request exclusion by the date set forth in the Notice, in accordance with the terms of the Notice and the Settlement Agreement.

19. All discovery and other pretrial proceedings in this action are stayed and suspended until further order of this Court, except as otherwise agreed to by the Parties or as may be necessary to implement the Settlement Agreement or this Preliminary Approval Order.

20. The dates of performance of this Preliminary Approval Order are as follows:

    a) The Notice shall commence approximately 60 days after expiration of the deadline for Plaintiffs' Counsel to void the Settlement Agreement (pursuant to SA ¶ 10.4) and shall be completed no later than 90 days before the date of the Final Fairness Hearing;

    b) Requests for exclusion must be postmarked no later than _____;

    c) Objections to the Settlement and notices of intention to appear at the Final Approval Hearing shall be deemed timely only if filed with the Court and served on Co-Lead Settlement Class Counsel and Defendant's Counsel no later than _____;

    d) The deadlines for Class Members to file claims for benefits under the Settlement shall be as set forth in the Settlement and provided in the Notices.

e) The Settling Parties shall prepare and file with the Court a list of putative class members who have filed timely requests for exclusion no later than _____;

f) Representative Plaintiffs shall file and serve papers in support of final approval of the Settlement, responding to any objections, and requesting attorneys' fees, reasonable costs and expenses, and Representative Plaintiffs' Incentive Awards no later than _____; Defendant shall file and serve papers in support of final approval, if any, no later than _____.

g) Defendant shall certify to the Court, or cause to be certified to the Court, that the notice requirements set forth in the Settlement Agreement and this Preliminary Approval Order have been performed, no later than _____.

h) The final approval hearing shall be held in on _____, 2013 at _____.

**IT IS SO ORDERED.**

_____    **Dated:**_____
**DAVID L. DOWD**
**Circuit Judge**
**Division 2**

# EXHIBIT G

# TO

# SETTLEMENT AGREEMENT

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| Susan McGann, Mary Lowe, Joseph Lumetta, Steven Kane, Darrius Stewart, Sarah Lamb, Steve Skurat, Kristen MacDonald, and John Gaffigan, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | |
| | ) | Cause No. 1322-CC00800 |
| Plaintiffs, | ) | Division: 1 |
| | ) | |
| vs. | ) | |
| | ) | |
| SCHNUCK MARKETS, INC., a Missouri corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

### JUDGMENT GRANTING FINAL APPROVAL
### TO CLASS ACTION SETTLEMENT

On the _____ day of _____, 2014, the Parties appeared before the Court for a hearing on whether the Settlement should be finally approved. Plaintiffs Susan McGann, Mary Lowe, Joseph Lumetta, Steven Kane, Darrius Stewart, Sarah Lamb, Steve Skurat, Kristen MacDonald, and John Gaffigan ("Representative Plaintiffs") and Defendant Schnuck Markets, Inc., each by and through their respective counsel (hereinafter collectively "the Parties") previously submitted a proposed Settlement Agreement ("Settlement") and have moved this Court requesting the Court to enter judgment granting final approval of said Settlement. The Court having reviewed and considered the pleadings in the litigation and all documents, evidence and arguments presented in regard to final approval of the Settlement; and the Court being fully advised of the premises and good cause appearing therefor, the Court finds and orders as follows:

WHEREAS, on _____, Representative Plaintiffs, individually and as the proposed representatives of all persons similarly situated, filed a Class Action Petition against Schnucks in the above-captioned cause (the "Action") asserting claims for Breach of Implied Contract (Count I), violation of the Merchandising Practices Act, §407.010 *et seq.*, ("MMPA") (Count II), and invasion of privacy by public disclosure of private facts (Count III), based on allegations that, among other things, Schnucks failed to secure and safeguard its customers' personal financial data—including credit and debit card numbers, expiration dates and 3-digit security code information—and failed to provide clear, conspicuous, and timely notice to Plaintiffs and the other members of the Class that their information had been stolen;

WHEREAS, on April 18, 2013, Representative Plaintiffs filed a First Amended Class Action Petition; WHEREAS, on October 1, 2013, Representative Plaintiffs filed a Second Amended Class Action Petition;

WHEREAS, Representative Plaintiffs, through their counsel, have conducted an investigation of the facts, analyzed the relevant legal issues, reviewed relevant documents, and have confirmed the results of their investigation through additional discovery; WHEREAS, Representative Plaintiffs and their counsel have weighed the potential risks and costs associated with continued prosecution of the Action against the benefits of the Settlement Agreement;

WHEREAS, Schnucks has conducted its own investigation of the facts and legal issues and denies the factual allegations in the Second Amended Petition and denies any and all liability with respect to the claims alleged therein;

WHEREAS, Schnucks has weighed the potential risks and costs associated with continued litigation of the Action against the benefits of the Settlement Agreement;

602619520.1

WHEREAS, the Parties and their respective counsel believe, in consideration of all of the circumstances and after substantial arm's-length negotiations between counsel, that the Parties' respective interests are best served by entering into the Settlement Agreement, and that the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class;

WHEREAS, the Settlement Agreement defines the "Settlement Class" as:

All persons who made an authorized in-store purchase using a credit or debit card at a Schnucks store between December 9, 2012 through and including March 30, 2013.

The Settlement Class specifically excludes: (i) Schnucks and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

WHEREAS the Settlement Agreement defines "Released Claims" as any and all claims and causes of action including, without limitation, any causes of action under 18 U.S.C. § 2701 *et seq.*, and all similar statutes in effect in any other states in the United States as defined herein; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other claim for relief that

either has been asserted, or could have been asserted, by any Settlement Class Member against Schnucks or its Related Entities based on, relating to, concerning or arising out of the Security Incident and alleged theft of the Personal Information or the allegations, facts, or circumstances described in the Litigation.  Released Claims shall not include the right of any Settlement Class Member or Schnucks or its Related Entities to enforce the terms of the settlement contained in this Settlement Agreement, and shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class; WHEREAS, the Settlement Agreement defines "Released Persons" as Schnucks and its Related Entities;

WHEREAS, the Settlement Agreement defines "Related Entities" as Schnucks' past or present directors, officers, employees, principals, agents, attorneys, insurers, predecessors, successors, parents, subsidiaries, divisions and related or affiliated entities, and includes, without limitation, any Person related to such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge;

WHEREAS, the Parties intend that the proposed settlement embodied in the Settlement Agreement will resolve all Released Claims, including Unknown Claims (as that term is defined in the Settlement Agreement) against all Released Persons;

WHEREAS, the Parties have engaged in extensive, hard fought, and arm's-length negotiations;

WHEREAS, as a result of those lengthy negotiations, the Parties have been able to reach an agreement to settle the Action;

-4-

WHEREAS, on September 26, 2013, the Parties, by their duly authorized counsel, entered into a Settlement Agreement, which provides that, subject to the approval of this Court pursuant to Rule 52.08, the claims asserted in the Action against Schnucks were to be settled, compromised and dismissed with prejudice, upon and subject to the terms and conditions set forth therein;

WHEREAS, by the terms of the proposed settlement of the Action, in exchange for the dismissal of the Action with prejudice, dismissal of all Released Claims with prejudice, and for entry of this Final Order and Judgment, Schnucks shall make available all of the benefits and relief set forth in the Settlement Agreement, the terms of which are expressly incorporated by reference herein, in accordance with the procedures set forth therein;

WHEREAS, on _____, 2013, this Court entered a Preliminary Approval Order (the "Preliminary Approval Order"), which, *inter alia*:

(a)  preliminarily approved the settlement, pursuant to Rule 52.08 and applicable law;

(b)  conditionally certified, for settlement purposes only, pursuant to Rule 52.08, the Settlement Class;

(c)  conditionally found that Representative Plaintiffs are adequate representatives of the Settlement Class;

(d)  appointed Ben Barnow, Barnow and Associates, P.C., and John Steward, Steward Law Firm, LLC, as Co-Lead Settlement Class Counsel for the Settlement Class;

(e)  set a hearing to take place on _____ at _____., before this Court (the "Fairness Hearing"), upon notice to Settlement Class Members;

(f)  approved the full settlement Notice and Notice Plan, in the forms attached to theNotice Plan of Hilsoft Notifications, which contain, *inter alia*, instructions for Settlement

Class Members to, *inter alia*, obtain the settlement benefits referenced in the Settlement Agreement;

(g) prescribed the methods and period of time for providing notice to Settlement Class Members of, *inter alia*, the proposed Settlement Agreement and the Fairness Hearing, and directed that Schnucks shall pay all costs associated with providing notice to the members of the Settlement Class;

(h) found that such notice to the Settlement Class Members as described in the Settlement Agreement, the Notice Plan of Hilsoft Notifications, and the Preliminary Approval Order is the best means practicable of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Fairness Hearing to Settlement Class Members, in full compliance with the notice requirements of Rule 52.08 and due process, and that the Notice is accurate, objective, informative and provides Settlement Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement Agreement and its fairness;

(i) prescribed the method and period of time during which Settlement Class Members may file requests to be excluded from the Settlement Class;

(j) provided that any Settlement Class Member who does not properly and timely request exclusion from the Settlement Class shall be bound by all of the terms of the Settlement Agreement, whether or not such person objected to the Settlement or made a claim pursuant to the Settlement Agreement;

(k) prescribed the method and period of time during which Settlement Class Members may serve written objections to the Settlement and/or notices of intention to appear at the Fairness Hearing;

WHEREAS, the Court found, for settlement purposes only, that the prerequisites for a class action under Rule 52.08 have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class; (f) a class action is superior to all other available methods for the fair and efficient adjudication of this controversy; and (g) the   prosecution   of separate actions by or against individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class which would establish incompatible standards of conduct for the party opposing the Settlement Class.

WHEREAS, the Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and is approved in all respects in accordance with Rule 52.08 and applicable law;

WHEREAS, the Parties have demonstrated, and the Court finds, that notice of the proposed Settlement was provided to the Settlement Class pursuant to the terms of the Preliminary Approval Order; WHEREAS, on _____, 2014, the Fairness Hearing was duly held;

WHEREAS, this Court, having heard from Class Counsel on behalf of the Settlement Class, from Schnucks' counsel, and having reviewed all other arguments and submissions presented with respect to the Settlement, the record in these proceedings,  and the application of

-7-

Co-Lead Settlement Class Counsel for an award of attorney's fees, reimbursement of reasonable costs and expenses, and incentive awards to the Class Representatives; and

WHEREAS, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement, it is hereby **ORDERED, ADJUDGED AND DECREED THAT:**

1.      Notice to the Settlement Class Members required by Rule 52.08 has been provided as directed by this Court in the Preliminary Approval Order, and such notice constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of Rule 52.08 and due process, and all other applicable laws.

2.      The Settlement Class, as set forth above and in the Preliminary Approval Order, is unconditionally certified pursuant to Rules 52.08(b)(2) and 52.08(b)(3).

3.      The Court is familiar with the efforts by Class Counsel in this action and finds that they have vigorously investigated and pursued this litigation on behalf of Plaintiffs and the Settlement Class.  Co-Lead Settlement Class Counsel have, at all times, fairly and adequately represented Plaintiffs and the Settlement Class; Co-Lead Settlement Class Counsel diligently and competently performed all their duties owed to Plaintiffs and the Settlement Class; and have considered and pursued the appropriate avenues of relief for Plaintiffs and the Settlement Class.

5.      The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and is approved in all respects in accordance with Rule 52.08 and applicable law.  The Settling Parties shall comply with the terms of the Settlement.  There was no fraud or collusion behind the Settlement.  Absent the Settlement, the Parties and the Court would incur further substantial time and expense over a long period of litigation and any appeals.  Sufficient investigation and

discovery was conducted, both informally and by formal confirmatory discovery, in order to make an informed and reasoned decision regarding the Settlement. *See* Manual for Complex Litigation (Fourth) at § 11.423 (2004) (noting that informal discovery is a recognized method of minimizing the cost, delay, and burden associated with formal discovery).  Plaintiffs faced substantial risk in the Action that could have resulted in the Settlement Class receiving nothing. The realistic range for this case is anywhere from no recovery at all to actual damages of class members plus attorneys' fees and litigation costs.  The Settlement provides substantial monetary benefits for the Settlement Class which are fair, reasonable and adequate.  Co-Lead Settlement Class Counsel, who have substantial experience with consumer data breach class actions, are of the opinion that the Settlement is fair, reasonable, and adequate.  Likewise, all nine of the Representative Plaintiffs are also of the opinion that the Settlement is fair, reasonable and adequate.

6.    The Settlement shall not be deemed to constitute an admission or finding of liability or wrongdoing on the part of Schnucks, or any of the Plaintiffs, Settlement Class Members, or Released Persons.

7.    Those persons appearing on the list annexed hereto as Exhibit A have properly and timely requested exclusion from the Settlement Class, pursuant to the terms of this Court's Preliminary Approval Order, and are excluded from the Settlement Class, shall not be bound by this Final Order and Judgment, and shall not participate in the proceeds of the Settlement hereby approved nor receive any benefit thereunder.

8.    The Court has carefully reviewed, weighed and considered all objections to the Settlement, including all matters related thereto, and to the Plaintiffs' Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Expenses, and Incentive

Awards, and further, the Court has heard oral argument with respect to these issues, and the Court hereby finds all of the objections are without merit and are hereby overruled in their entirety.

9.     The Court has carefully reviewed, weighed and considered Class Counsel's motion for attorney's fees and reasonable costs and expenses, and the argument and evidence presented relative to said motion. The Settling Parties did not discuss the payment of attorneys' fees, costs, expenses and incentive awards to Representative Plaintiffs, as provided for in ¶¶ 7.2 and 7.3 of the Settlement, until after the substantive terms of the Settlement had been agreed upon, other than that Schnucks would pay reasonable attorneys' fees, costs, expenses and incentive awards to Representative Plaintiffs as may be agreed to by Schnucks and Co-Lead Settlement Class Counsel and/or as ordered by the Court, or in the event of no agreement, then as ordered by the Court. Thereafter, Schnucks agreed to pay, subject to Court approval, up to the amount of $635,000 to Co-Lead Settlement Class Counsel for attorneys' fees.    Co-Lead Settlement Class Counsel seek an award of attorney's fees in the amount of $635,000.  The Court has considered, *inter alia*: (1) the benefit conferred on the Class, (2) the complexity of the issues, (3) the duration of the case, (4) the risks to which Plaintiffs' Counsel were exposed, (5) the experience, reputation, and skill of the attorneys involved, (6) awards in similar cases, (7) time and labor required, (8) lodestar cross-check, and (9) reaction of Class Members.The attorney's fees, costs and expenses, and incentive awards sought are separate and apart from the benefits to the Settlement Class and Schnucks does not object to the award as requested by Class Counsel. Based on the foregoing, the Court hereby grants Co-Lead Settlement Class Counsel's motion for attorney's fees in the amount of $_____, which shall be paid by Schnucks per the terms of the Settlement Agreement.

-10-

602619520.1

10.    Co-Lead Settlement Class Counsel has also moved for reimbursement of reasonable costs and expenses in the amount of $_____. Again, Schnucks does not object to Co-Lead Settlement Class Counsel's request and said costs and expenses are separate and apart from the benefits to the Settlement Class. The Court finds the requested costs and expenses have been adequately documented and reasonably and appropriately incurred in the prosecution of the Action. The Court further finds the requested costs and exepenses are fair, reasonable and adequate. Accordingly, the Court hereby grants Class Counsel's motion for costs and expenses in the amount of $_____, which shall be paid by Schnucks per the terms of the Settlement Agreement.

11.    Class Counsel has also requested the payment of incentive awards to each of the nine Class Representatives in the amount of $500.00 for their time and efforts spent in pursuit of this litigation. Again, Schnucks does not object to this request and said awards are separate and apart from the benefits to the Settlement Class. Here, Class Representatives agreed to pursue the claims at issue for the benefit of the entire Class and participated in conferences and meetings with Class Counsel. Further, the amounts requested here are minimal relative to other cases. The Court finds incentive awards in the amount of $500 for each of the nine Class Representatives is fair, reasonable and adequate under the circumstances. Accordingly, the Court hereby grants Class Counsel's motion for incentive awards to each of the nine Class Representatives in the amout of $500.00, which shall be paid by Schnucks per the terms of the Settlement Agreement.

12.    The Action is hereby dismissed, with prejudice, on the merits, as against Schnucks, on the terms and conditions set forth in the Settlement Agreement, and without costs to any party except as provided herein or in a separate order of the court, in the Preliminary Approval Order, and in the Settlement Agreement.

602619520.1

13. Upon the Effective Date, each Plaintiff and Settlement Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, in the manner(s) set forth in the Settlement Agreement.

14. Upon the Effective Date, each Plaintiff and Settlement Class Member shall be permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims in the manner(s) set forth in the Settlement Agreement.

15. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Final Order and Judgment shall be deemed a final judgment.

16. Jurisdiction is reserved, without affecting the finality of this Final Order and Judgment, over:

(a) Effectuating, enforcing and administering the settlement and the terms of the Settlement Agreement; and

(b) Determining whether, in the event an appeal is taken from any aspect of this Final Order and Judgment, notice should be given at the appellant's expense to some or all of the Settlement Class Members apprising them of the pendency of the appeal and such other matters as the Court may order.

**SO ORDERED:**

_____
**DAVID L. DOWD**
**CIRCUIT JUDGE, DIV. 2**


**Dated:** _____

602619520.1