IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

**FILED**
JUL - 9 2014
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY _____ DEPUTY

| | |
|---|---|
| Susan McGann, Mary Lowe, Joseph Lumetta, Steven Kane, Darrius Stewart, Sarah Lamb, Steve Skurat, Kristen MacDonald, and John Gaffigan, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SCHNUCK MARKETS, INC., a Missouri corporation,<br><br>Defendant. | Cause No. 1322-CC00800<br><br>Division: 2 |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING THE FORM AND MANNER OF NOTICE AND SETTING FINAL APPROVAL HEARING

The Court has received Plaintiffs' Motion for and Incorporated Memorandum in Support of Preliminary Approval of Class Action Settlement and Publishing of Notice, and Setting of a Final Fairness Hearing, and attached thereto, the Class Action Settlement Agreement (the "Settlement Agreement") entered into as of July 1, 2014, between and among Plaintiffs Susan McGann, Mary Lowe, Joseph Lumetta, Steven Kane, Darrius Stewart, Sarah Lamb, Steve Skurat, Kristen MacDonald, and John Gaffigan ("Representative Plaintiffs"), and defendant Schnuck Markets, Inc. ("Defendant" or "Schnucks") (collectively, the "Settling Parties"), and filed with the Court on July 7, 2014. Upon consideration and review of the proposed Settlement (as reflected in the Settlement Agreement), exhibits, relevant documents, motion and incorporated memoranda, the Court finds that: (1) the Court has jurisdiction over the subject matter and Parties to this Action; (2) the proposed Settlement Class (as defined below) meets the

requirements of Missouri Supreme Court Rule 52.08 and should be certified for settlement purposes; (3) the persons and entities identified below should be appointed Representative Plaintiffs and Co-Lead Settlement Class Counsel; (4) the Settlement Agreement is the result of informed, good-faith arm's length negotiations between the Settling Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement Agreement is within the range of reasonableness and should be preliminarily approved; (6) the proposed notice program and the proposed forms of notice described in the Settlement Agreement and the Hilsoft Notice Plan satisfy Missouri Supreme Court Rule 52.08 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Co-Lead Settlement Class Counsel's intent to apply for an award of attorneys' fees, reasonable costs and expenses, and request for Incentive Awards to the Representative Plaintiffs, and the right of Settlement Class Members to opt-out of the Settlement or object to the Settlement; (7) good cause exists to schedule and conduct a Final Approval Hearing to assist the Court in determining whether to grant final approval of the Settlement and enter a Final Judgment, and whether, and in what amount, attorneys' fees, costs, and expenses, and Representative Plaintiffs' incentive awards should be paid to Co-Lead Settlement Class Counsel for distribution; and (8) the other matters pertinent to the preliminary approval of the Settlement Agreement should be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court, for purposes of this Preliminary Approval Order, adopts and incorporates herein by reference all defined terms set forth in the Settlement Agreement.

2. The Court finds, for settlement purposes only, that the Missouri Rule of Civil Procedure 52.08 factors are present and that certification of the proposed Settlement Class in

accordance with the terms of the Settlement Agreement (the "Settlement Class") is appropriate under Rule 52.08. The Court therefore certifies the following Settlement Class for settlement purposes:

> All persons who made an authorized in-store purchase using a credit or debit card at a Schnucks store between December 9, 2012 through and including March 30, 2013. The Settlement Class specifically excludes: (i) Schnucks and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge.

3. As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement set forth in the Settlement Agreement, or if the Settlement set forth in the Settlement Agreement is terminated in accordance with its terms, then the Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue. If the Court does grant final approval of the Settlement, then upon the Effective Date of the Settlement (as defined in the Settlement Agreement), all members of the Settlement Class who do not properly and timely request exclusion from the Settlement Class shall be bound by the terms of this Settlement Agreement.

4. The Court appoints Representative Plaintiffs Susan McGann, Mary Lowe, Joseph Lumetta, Steven Kane, Darrius Stewart, Sarah Lamb, Steve Skurat, Kristen MacDonald, and John Gaffigan as Class Representatives.

5. Ben Barnow and John Steward are appointed as Co-Lead Settlement Class Counsel.

6. The Settlement Class is so numerous that joinder of all members is impracticable. The Court preliminarily finds:

   a) There are questions of law and fact common to the Settlement Class.

   b) The claims of Representative Plaintiffs are typical of the claims of members of the Settlement Class.

   c) Representative Plaintiffs and Co-Lead Settlement Class Counsel will fairly and adequately represent the interests of the Settlement Class. There are no conflicts of interest between Representative Plaintiffs and members of the Settlement Class.

   d) Questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual members of the Settlement Class.

   e) Certification of the Settlement Class is superior to other methods for the fair and efficient adjudication of the controversy.

   f) The prosecution of separate actions by or against individual members of the Settlement Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Settlement Class which would establish incompatible standards of conduct for the party opposing the Settlement Class.

7. Accordingly, the Court hereby certifies the Settlement Class, for settlement purposes, pursuant to Missouri Supreme Court Rule 52.08.

8. The Court preliminarily approves the Settlement set forth in the Settlement Agreement as fair, reasonable, and adequate within the meaning of Missouri Supreme Court Rule 52.08, subject to final consideration at the Final Approval Hearing provided for below.

9. The Court approves Claim Form substantially similar to that attached to the Settlement Agreement as Exhibit A.

10. A hearing ("the Final Approval Hearing") shall be held before this Court on the date and time set forth below in Division 2 of the Circuit Court of the City of St. Louis, Missouri to determine: (a) final certification of the Settlement Class; (b) final approval of the Settlement set forth in the Settlement Agreement as fair, reasonable, adequate, and in the best interests of the Settlement Class; (c) whether a Final Judgment as provided in the Settlement Agreement should be entered granting final approval of the Settlement; and (d) whether the requested attorneys' fees and reasonable costs and expenses, and Class Representatives' Incentive Award provided for in the Settlement Agreement should be paid to Co-Lead Settlement Class Counsel for distribution. The Court may adjourn and/or continue the Final Approval Hearing, without further notice to Settlement Class Members.

11. The Court appoints Hilsoft Notifications as the Notice Specialist and Garden City Group, Inc., as the Claims Administrator and the Honorable Brendan Ryan (Ret.) as the Claims Referee.

12. The Court finds that the manner and content of the Notice and Notice Program established by Hilsoft Notifications, a nationally-recognized class action notice provider, will provide the best practicable notice of the Settlement to Class Members and fully satisfies the requirements of Missouri Supreme Court Rule 52.08 and constitutional due process. Further, the Notice is accurate, objective, informative and provides Settlement Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement Agreement and its fairness. Accordingly,

the Notice Program shall commence on or before August 11, 2014 (pursuant to SA ¶ 3.2) and shall be completed no later than 90 days before the date of the Final Fairness Hearing.

13. Schnucks shall bear all costs of notice to the Settlement Class and administration of the Settlement.

14. The Court authorizes the parties to make minor, non-material revisions to the Notices as they may jointly deem necessary or appropriate, without the necessity of further Court action or approval.

15. Any Settlement Class Member who does not request exclusion, and who objects to approval of the proposed Settlement in compliance with the requirements SA ¶ 5.1 of the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.

16. However, no person (other than representatives of the named parties) may be heard at the Final Approval Hearing, or file papers or briefs, unless on or before the date set forth in the Notice, such person files with the Clerk of the Court and serves on Class Counsel and Defendant's Counsel a timely written objection and notice of intent to appear, in compliance with the procedures specified in the Notice (and as set forth in SA ¶ 5.1). Any Settlement Class Member who does not make his or her objection to the Settlement in compliance with SA ¶ 5.1, shall be deemed to have waived such objection for purposes of appeal, collateral attack or otherwise.

17. Any putative class member who desires exclusion from the Settlement Class and the Settlement must mail, by the date set forth in the Notice, a written request for exclusion

to the address set forth in the Notice. All persons who properly submit requests for exclusion shall not be part of the Settlement and shall have no rights with respect to the Settlement.

18. If the Settlement is finally approved, the Court shall enter a Final Judgment approving the Settlement. The Final Judgment shall be fully binding with respect to all Settlement Class Members who did not request exclusion by the date set forth in the Notice, in accordance with the terms of the Notice and the Settlement Agreement.

19. All discovery and other pretrial proceedings in this action are stayed and suspended until further order of this Court, except as otherwise agreed to by the Parties or as may be necessary to implement the Settlement Agreement or this Preliminary Approval Order.

20. The dates of performance of this Preliminary Approval Order are as follows:

   a) The Notice shall commence on or before August 11, 2014 (pursuant to SA ¶ 3.2) and shall be completed no later than 90 days before the date of the Final Fairness Hearing;

   b) Requests for exclusion must be postmarked no later than December 9, 2014;

   c) Objections to the Settlement and notices of intention to appear at the Final Approval Hearing shall be deemed timely only if filed with the Court and served on Co-Lead Settlement Class Counsel and Defendant's Counsel no later than December 9, 2014;

   d) The deadline for Class Members to file claims for benefits under the Settlement shall be December 31, 2014.

e) The Settling Parties shall prepare and file with the Court a list of putative class members who have filed timely requests for exclusion no later than December 16, 2014;

f) Representative Plaintiffs shall file and serve papers in support of final approval of the Settlement, responding to any objections, and requesting attorneys' fees, reasonable costs and expenses, and Representative Plaintiffs' Incentive Awards no later than January 2, 2015; Defendant shall file and serve papers in support of final approval, if any, no later than January 2, 2015.

g) Defendant shall certify to the Court, or cause to be certified to the Court, that the notice requirements set forth in the Settlement Agreement and this Preliminary Approval Order have been performed, no later than October 15, 2014.

h) The final approval hearing shall be held in on __January 13__, 2015 at __10:00 A.M.__.

**IT IS SO ORDERED.**

__July 9, 2014__
Date

__David Dowd__
DAVID L. DOWD
Circuit Judge
Division 2

8